UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 23-9063-JFW(RAOx)** | Date:  November 3, 2023 |

Title:    Tatiana Hill -v- Airgas USA, LLC, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT; and**

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT AIRGAS USA, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [filed 11/2/23; Docket No. 12]**

On September 14, 2023, Plaintiff Tatiana Hill ("Plaintiff") filed a Complaint against Defendants Airgas USA, LLC ("Airgas") and Phillip Tamayo ("Tamayo") (collectively, "Defendants") in Los Angeles Superior Court, alleging the following causes of action: (1) violation of California Labor Code § 1102.5; (2) violation of California Labor Code § 98.6; (3) failure to reimburse; (4) failure to pay minimum or contractual wages; (5) failure to pay overtime; (6) failure to pay meal and rest breaks; (7) failure to provide accurate wage statements; (8) failure to pay wages upon discharge; (9) wrongful adverse action against public accommodation; and (10) defamation.  On October 26, 2023, Airgas filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Airgas bears the burden of demonstrating that

removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. In this case, although Airgas admits that Plaintiff and Tamayo are both citizens of California, Airgas contends that Tamayo was fraudulently joined, and, thus, his presence in the lawsuit should be ignored. "Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court concludes that Airgas has failed to meet its heavy burden of demonstrating fraudulent joinder. In her Complaint, Plaintiff alleges a claim for violation of California Labor Code § 1102.5 and a claim for defamation against Tamayo. Although Airgas claims that Plaintiff cannot possibly prevail on her defamation claim against Tamayo, the Court cannot conclude that Plaintiff has no possibility of prevailing on that claim, and Airgas's arguments are better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal.[1]

---

[1] Because the Court has concluded that Plaintiff has the possibility of prevailing on her defamation claim against Tamayo, the Court does not need to determine if Plaintiff has the

*See, e.g., Sanchez v. Lane Bryant, Inc.,* 123 F.Supp. 3d 1238 (C.D. Cal. 2015) (holding that where there was a possibility that an employee, who was a California citizen, could state a defamation claim against her supervisor, who was also a California citizen, the supervisor's joinder was not fraudulent); *see also Tipton v. Walmart Inc.*, 2021 WL 1561462 (C.D. Cal. Apr. 20, 2021) (remanding action where the plaintiff had alleged a defamation claim against the non-diverse defendant and noting that "the standard to establish fraudulent joinder is more exacting than under Rule 12(b)(6)").  Therefore, Airgas has failed to meet its burden of demonstrating that Tamayo has been fraudulently joined.  *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 547 (9th Cir. 2018) ("[F]raudulent joinder should not be found if there is 'any possibility' that a plaintiff could state a claim against the defendant, even if the complaint actually fails to state a claim"); *see also Knutson v. Allis-Chalmers Corp.*, 358 F.Supp. 2d 983 (D. Nev. 2005) (holding that "it is the Removing Defendants who carry the burden of establishing a failure to state a claim.  The Court's responsibility is to consider legal arguments and factual evidence, presented by the Defendants, and determine whether Plaintiffs had no claims against the non-diverse Defendants as a matter of well-settled law").

For all the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  In light of the remand of this action to Los Angeles Superior Court, Airgas's Motion to Dismiss Pursuant to Rule 12(b)(6) is **DENIED without prejudice**.

IT IS SO ORDERED.

---

possibility of prevailing on the other claim she has alleged against Tamayo.